# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL NO. 3:16-CR-00255-MOC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY JAQUAN BOYD, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Hearing for Inquiry as to Status of Counsel" (document # 29) filed on January 31, 2017. The Court held a hearing in this matter on February 1, 2017.

During the hearing, the Court heard from Defendant, appointed counsel S. Frederick Winiker, III, and the Government. Defendant appears concerned because Mr. Winiker has recommended that he accept a plea offer from the Government. He expressed no other dissatisfaction with Mr. Winiker's representation.

The Court clarified the attorney-client relationship and explained to Defendant that there are certain decisions that must be made by him such as whether to accept a plea agreement or go to trial. The Court acknowledged the serious nature of the charges and penalties that Defendant faces, but advised him that appointment of new counsel would not change these circumstances.

"Because the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel. As a general rule, a defendant must

show good cause in requesting a new appointed lawyer." <u>United States v. Mullen</u>, 32 F.3d 891, 895 (4th Cir. 1994). Here, Defendant's concerns do not establish good cause for the Court to appoint new counsel. Based upon the foregoing, the Court finds no basis to remove Mr. Winiker as appointed counsel.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr..

**SO ORDERED**.

Signed: February 1, 2017

_____
David S. Cayer
United States Magistrate Judge