# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-427-MOC
# (3:16-cr-255-MOC-DCK-1)

| | |
|---|---|
| ANTHONY JAQUAN BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I.   BACKGROUND

In February 2016, Petitioner Anthony Jaquan Boyd and two accomplices stole a Mercedes from a man after threatening him at gunpoint. (Crim. Case No. 3:16-cr-255-MOC-DCK-1, Doc. No. 50 at ¶ 6: PSR). The victim immediately notified law enforcement, and officers found the Mercedes and tried to conduct a traffic stop. (Id. at ¶ 7). Petitioner and his brother, Dominick Boyd (Dominick), were in the car and attempted to evade officers. (Id.). After a high-speed chase, the Boyds wrecked the car and fled on foot. (Id.). Officers caught the two men and arrested them. (Id.). Officers found two handguns in the area of the arrests. (Id.). One of the handguns had been reported stolen. (Id.). Officers found the victim's cell phone and wallet, which he had left in his Mercedes, in Dominick's pocket. (Id. at ¶¶ 6, 8). During a phone call from jail, Petitioner told his sister to tell the victim "to not show up for court and everything good." (Id. at ¶ 12).

1

A grand jury indicted Petitioner, charging him with aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Count One); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 2 (Count Three); and conspiracy to tamper with a witness, in violation of 18 U.S.C. §§ 371, 1512(b)(1), (b)(2), (k) (Count Four). (Id., Doc. No. 15: Indictment).

Petitioner agreed to plead guilty to Count Three in exchange for the dismissal of the other three counts. (Id., Doc. No. 35 at ¶¶ 1-2: Plea Agrmt.). As part of the plea agreement, the parties agreed to recommend that the Court find that a two-level increase applied because the firearm was stolen; a four-level increase applied because the firearm was used in connection with another felony; no cross-reference to either count of conviction should apply; and that Petitioner's plea was timely for purposes of acceptance of responsibility. (Id. at ¶ 8). Petitioner agreed that he had read and understood the factual basis and that the Court could use it to determine his sentence. (Id. at ¶ 15). Petitioner also agreed to waive the right to contest his conviction and sentence on direct appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 19-20).

The magistrate judge conducted a plea hearing at which Petitioner testified that he understood the charges and the penalties, that he could receive a sentence above or below the guideline range, and that he could not withdraw his plea if his sentence was more severe than he expected. (Id., Doc. No. 38: Acceptance and Entry of Guilty Plea). Petitioner testified that he understood and agreed with the terms of his plea agreement and the factual basis, as well as the waiver of his appellate and post-conviction rights. (Id.). Petitioner affirmed that no one had threatened, intimidated, or forced him to plead guilty, that he had had sufficient time to discuss

any possible defenses with his attorney, and that he was satisfied with his attorney's services. (Id.). The magistrate judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. (Id.).

A probation officer prepared a presentence report, recommending that Petitioner's base offense level was 14; that he should receive a two-level increase because the offense involved a stolen firearm and a four-level increase because Petitioner possessed the firearms in connection with another felony offense; that a two-level adjustment for obstruction of justice applied due to his having a family member attempt to influence the victim not to testify; and that a two-level enhancement for reckless endangerment during flight applied because Petitioner had traveled at speeds exceeding 130 miles per hour while fleeing from law enforcement. (Id., Doc. No. 50 at ¶¶ 22-24, 28-30). Allowing a three-level reduction for acceptance of responsibility, the probation officer calculated Petitioner's total offense level as 21. (Id. at ¶¶ 32-34). With a criminal history category of II, the advisory guideline range was 41-51 months of imprisonment. (Id. at ¶¶ 43, 73).

The Government objected to the PSR, arguing that Petitioner's two prior state convictions for conspiracy to commit robbery with a dangerous weapon were crimes of violence and increased his total offense level to 31 and his advisory guideline range to 120 months. (Id., Doc. Nos. 48, 58; Doc. No. 50 at ¶¶ 39-40: PSR). The Government also argued that, even if Petitioner's guideline range was lower, an upward variance to ten years of imprisonment was appropriate. (Id., Doc. No. 48 at 1; Doc. No. 58 at 3).

The parties then entered into a joint stipulation and sentencing agreement. (Id., Doc. No. 60). Per this agreement, the parties agreed to a base offense level of 24 and to recommend a downward variance to a total offense level of 27 and a sentence of 78 months of imprisonment.

3

(Id., Doc. No. 60). The probation officer issued a revised PSR and calculated that Petitioner's base offense level was 20, due to his having one prior felony crime of violence. (Id., Doc. No. 61 at ¶ 22: Rev. PSR). This resulted in a total offense level of 27 and an advisory guideline range of 78 to 97 months of imprisonment. (Id. at ¶¶ 34, 73). The probation officer recommended finding that only one prior conviction counted as a crime of violence because the two state offenses were consolidated. (Id., Doc. No. 61 at pp. 17-18: Rev. PSR addnm.). At sentencing, this Court overruled the Government's objection that both prior convictions should count as crimes of violence, adopted the PSR, and determined that the total offense level was 27 and the applicable guideline range was 78 to 97 months of imprisonment. (Id., Doc. No. 66: Statement of Reasons). This Court imposed a 78-month sentence. (Id., Doc. No. 65: Judgment). Petitioner did not appeal. However, he timely filed the present motion to vacate, raising various claims of ineffective assistance of counsel. (Doc. No. 1 at 3-15). The Government filed its Response on September 24, 2018, and Petitioner filed a Reply on October 18, 2018. Thus, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

To prevail on a theory of ineffective assistance of counsel, Petitioner must establish that his attorney's performance fell below an objective standard of reasonableness, judged "from counsel's perspective at the time." Strickland v. Washington, 466 U.S. 668, 689 (1984). He must also establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Petitioner pleaded guilty, to establish prejudice affecting his conviction, he must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1964 (2017).

**A. Petitioner's Claim of Ineffective Assistance of Counsel Based on Counsel's Failure to Advise Petitioner of Potential Defenses**

In evaluating claims under § 2255, statements made by a defendant under oath at a plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). As the Fourth Circuit has made clear, "courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," and § 2255 claims that contradict a petitioner's plea colloquy are deemed "patently frivolous or false," except in extraordinary circumstances. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Petitioner admits that he knew about his right to plead not guilty and to have a jury trial, to plead guilty and admit the charges, or to plead nolo contendere. (Doc. No. 1 at 5). However, he argues that counsel was ineffective for failing to inform him that he could have appeared by special invitation and plea demurrer. (Id.). He contends that if counsel had done this and then

5

filed a motion to dismiss, the Court would have had to dismiss the charges based on a legal technicality. (Id. at 5-6).

Petitioner essentially concedes that he was aware of his rights and chose to plead guilty. His testimony at the plea hearing confirmed that his plea was made knowingly and voluntarily. See (Crim. Case No. 3:16-cr-255-MOC-DCK-1, Doc. No. 38). His assertion that counsel was deficient for not advising him that he could appear by special invitation and plea demurrer and that he was prejudiced, because this would have resulted in the dismissal of the charges against him, is conclusory and without merit, as Petitioner does not explain what these alleged options were, nor does he explain why they would have supported a basis for dismissal. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Additionally, this claim lacks merit. "While a defendant may be able to demurrer in state court, no such procedure exists [in federal court]." United States v. Faxon, No. 1:15cr5, 2018 WL 2298375, at *2 (W.D. Va. May 21, 2018).

Likewise, Petitioner was charged with a federal firearm offense, so any effort to have this charge determined by a state court instead would be misplaced. Thus, Petitioner has not shown that proceeding to trial on all four charges, rather than pleading guilty to only the firearm count, would have been objectively reasonable if counsel had advised him as to a meritless defense as to the firearm count. In sum, this claim of ineffective assistance of counsel is denied and dismissed.

**B. Petitioner's Claim of Ineffective Assistance of Counsel Based on Counsel's Failure to Argue that the Government Lacked Jurisdiction over the Firearm Count**

Petitioner contends that counsel should have argued that the Government lacked jurisdiction over the firearm count based on the Second Amendment, United States v. Cruikshank, 92 U.S. 542 (1876), and Presser v. Ill., 116 U.S. 252 (1886). (Doc. No. 1 at 6-8). However, the law is well established that § 922(g)(1), possession of a firearm by a convicted felon, does not violate the Second Amendment, see United States v. Moore, 666 F.3d 313, 317-19 (4th Cir. 2012), and that federal courts have jurisdiction over federal offenses. Accordingly, Petitioner cannot show deficient performance or prejudice based on counsel's failure to raise this frivolous issue. See Strickland, 466 U.S. at 687-88, 694. In sum, this claim is denied and dismissed.

**C. Petitioner's Pre-plea Allegations of Ineffective Assistance of Counsel**

"When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). As Petitioner testified at the plea hearing, he understood his right to plead guilty and his plea was made knowingly and voluntarily. See (Crim. Case No. 3:16-cr-255-MOC-DCK-1, Doc. No. 38).

7

Petitioner argues that counsel should have investigated whether his civil rights had been restored, or whether his prior conviction was, or should have been, expunged. (Doc. No. 1 at 15). He asserts that counsel provided ineffective assistance by "never objecting to anything" and by not advising Petitioner what rights to waive or what counter offers to make. (Id. at 5). Petitioner's assertion that counsel failed to adequately investigate his case concerns pre-plea conduct and is waived by his voluntary guilty plea. See Fields, 956 F.2d at 1294-96. Even if this Court were to reach the merits of this claim, he cannot show prejudice because he does not even allege, much less show, that his civil rights have been restored or that his prior conviction was expunged. In sum, Petitioner's claims of pre-plea ineffective assistance of counsel are denied and dismissed.

**D. Petitioner's Claim of Ineffective Assistance of Counsel at Sentencing**

To establish ineffective assistance of counsel at sentencing, a petitioner must show that but for counsel's deficient performance, there is a reasonable probability that he would have received a lower sentence. See Royal v. Trombone, 188 F.3d 239, 249 (4th Cir. 1999). Petitioner argues that counsel provided ineffective assistance by not moving to reduce his offense level by three levels based on his acceptance of responsibility. (Doc. No. 1 at 9). He also contends that counsel should have objected to the enhancement of his sentence from offense level 14 to offense level 27, because these enhancements were not charged in the indictment or proven beyond a reasonable doubt, Petitioner had not "really read the amended" PSR, and the enhancements had not been explained to him. (Id. at 10-12).

As part of the plea agreement, Petitioner agreed to the sentence enhancements for the firearm being stolen and its use in another felony offense. (Crim. Case No. 3:16-cr255-MOC-DCK-1, Doc. No. 35 at ¶ 8: Plea Agrmt.). The probation officer determined that the additional

8

increases for obstruction of justice and for reckless endangerment during flight applied, based on Petitioner having attempted to influence a witness in the case and having fled from officers at over 130 miles per hour. The probation officer also determined that Petitioner's base offense level should be increased due to his having one prior conviction for a crime of violence. (Id., Doc. No. 61 at ¶ 22). Petitioner offers no nonfrivolous basis on which counsel could have challenged these enhancements or on which he could have objected had the enhancements been explained to him, which he alleges did not happen. His contention that the enhancements needed to be charged in the indictment and proven beyond a reasonable doubt is misplaced, because none of the enhancements increased the statutory term of imprisonment and the guidelines are advisory. Cf. United States v. Booker, 543 U.S. 220 (2005); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Finally, Petitioner did, in fact, receive a three-level reduction for acceptance of responsibility. See (Crim. Case No. 3:16-cr255-MOC-DCK-1, Doc. No. 61 at ¶¶ 32-33). Moreover, he had agreed at the plea hearing that he understood the maximum penalty that he could receive, that he could receive a sentence above the guideline range, and that he could not withdraw his plea even if the sentence he received was more severe than he expected. (Id., Doc. No. 38). Therefore, he was aware that he could receive a higher sentence than that set forth in the original PSR. Because Petitioner has not shown a nonfrivolous basis on which the enhancements could have been challenged, he has not met his burden to show deficient performance or prejudice. In sum, Petitioner's claim of ineffective assistance of counsel at sentencing is denied and dismissed.

**E. Petitioner's Claim that Counsel Was Ineffective With Regard to Petitioner's Appeal**

9

Counsel should generally consult with a defendant regarding his appellate rights. Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000). However, this duty rises to a constitutional level only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Highly relevant to this determination is whether a defendant pleaded guilty, whether he received the sentence that he bargained for as part of the plea, and whether he waived any appellate rights as part of his plea. (Id.). Even if a defendant can show deficient performance from his counsel's failure to consult with him regarding an appeal, he still must show prejudice by demonstrating that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (Id. at 484). Factors to consider in this determination include whether there are nonfrivolous issues for appeal, and whether there is evidence that the defendant promptly expressed a desire to appeal.

Petitioner argues that his counsel did not confer with him about appealing and did not file a notice of appeal. (Doc. No. 1 at 3-4). He contends that counsel failed to challenge his sentence as being increased based on enhancements that were not charged in the indictment or proven beyond a reasonable doubt to a jury. (Id. at 14). Even assuming, arguendo, that Petitioner's contention that counsel did not confer with him is true, he has not met his burden to show that counsel's performance was deficient. Here, counsel negotiated a plea agreement that dropped three charges, two of which carried longer maximum terms of imprisonment than the charge to which Petitioner pleaded guilty, and one of which required a five-year mandatory minimum consecutive sentence. And by agreeing not to cross reference the car-jacking charge, the plea agreement decreased the otherwise applicable total offense level and guideline range. See (Id.,

10

Doc. No. 61 at ¶ 74). Additionally, counsel negotiated down from the ten-year sentence originally requested by the Government to an agreement to a 78-month sentence—the same sentence that this Court imposed. Further, Petitioner had agreed to waive the right to appeal his conviction or sentence on direct appeal, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. Because Petitioner voluntarily pleaded guilty and waived his right to appeal and this Court imposed a 78-month sentence—the lowest sentence under the applicable guidelines and the same sentence to which the parties had stipulated in their sentencing agreement—he cannot show that counsel was deficient if he failed to confer with Petitioner regarding an appeal. See United States v. Cooper, 617 F.3d 307, 313-15 (4th Cir. 2010) (holding counsel was not deficient for failing to confer with defendant about an appeal where the defendant did not indicate an interest in appealing, received the sentence he bargained for, and there were no nonfrivolous issues for appeal).

Nor can Petitioner show prejudice, because he has not identified any nonfrivolous issues for appeal, nor has he alleged or shown that he sufficiently demonstrated to counsel that he wanted to appeal. Under these circumstances, Petitioner has not shown that counsel provided constitutionally ineffective assistance. See Cooper, 617 F.3d at 313-15. In sum, this claim is denied and dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 17, 2019

Max O. Cogburn Jr.
United States District Judge